**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

## JUDGMENT IN A CIVIL CASE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-5010-CV-SW-GAF ) |
| CARRIE ANN SHAFER, individually and d/b/a TC's TAXES AND MORE, | ) ) ) ) |
| Defendant. | ) |

__ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**X Decision by Court.** This action came before the Court. The issues have been determined and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that

A. Pursuant to I.R.C. §§ 7402(a), 7407, and 7408, the Defendant, Carrie Ann Shafer, individually and d/b/a "TC's Taxes and More," and her representatives, agents, servants, employees, attorneys, and any persons in active concert or participation with her, are permanently enjoined from directly or indirectly:

 1. Preparing any federal tax returns or tax forms for other persons;

 2. Representing other persons before the IRS in any way, including attending meetings at IRS offices on behalf of other persons or submitting documents to the IRS on behalf of other persons.

 3. Engaging in any conduct subject to penalty under I.R.C. §§ 6694 or 6695; *i.e.*, preparing any part of a federal income tax return or claim for refund that includes an unrealistic and frivolous position that the preparer knows or should know is unrealistic and frivolous and that results in an understatement of tax liability, or failing to exercise due diligence with respect to

determining eligibility for, or the amount of, the EITC;

4. Engaging in any conduct subject to penalty under I.R.C. § 6701; *i.e.*, preparing or assisting others in the preparation of any federal income tax return or other document to be used in connection with any material matter arising under the internal revenue laws knowing that it will (if so used) result in an understatement of tax liability; and

5. Engaging in other similar conduct that interferes with the administration and enforcement of the internal revenue laws.

B. Pursuant to I.R.C. § 7402(a), within 11 days after being served with this order, and at her own cost, Defendant shall mail a letter in the form attached to the order as Attachment A, along with a copy of this Permanent Injunction, to each person for whom she has prepared or assisted in the preparation of a federal tax return or tax form since January 1, 2002.

C. Pursuant to I.R.C. §§ 7402(a), 7407, and 7408, within 11 days after being served with this order, Defendant shall turn over to the United States a list of (or, alternatively, all records in her possession or to which she has access that identify) the names, addresses, e-mail addresses, telephone numbers, and social security or other tax identification numbers of all persons or entities for whom she has prepared or assisted in the preparation of a federal tax return or tax form since January 1, 2002.

D. Pursuant to I.R.C. § 7402(a), within 14 days after being served with this order, Defendant shall file with the Court an affidavit certifying that she has complied with the requirements listed above in paragraphs B and C.

E. The United States is permitted to conduct discovery to monitor Defendant's compliance with this Permanent Injunction.

F. The Court retains jurisdiction over this action for purposes of implementing and enforcing the final judgment and any additional orders necessary and appropriate to guard the public interest.

| April 25, 2005 | Patricia L. Brune |
|---|---|
| Date | Clerk |
| | /s/ Tracy L. Diefenbach |
| | (by) Deputy Clerk |